**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-248C

(Filed: June 30, 2016)

```
***************************** *
                              *
CHRISTIAN OLIVO,              *
                              *
              Plaintiff,      *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
              Defendant.      *
                              *
***************************** *
```

**FILED**
JUN 3 0 2016
U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

On February 19, 2016, *pro se* Plaintiff Christian Olivo filed in this Court a complaint alleging that staff at a New York State Correctional Facility are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment because the facility lacks hot water to shower and heat in the cells. On April 21, 2016, counsel for the Government filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 9. Mr. Olivo's response to the Government's motion to dismiss was due May 23, 2016. As of the date of this order, Mr. Olivo has not filed his response. For the reasons set forth below, the Court dismisses Mr. Olivo's complaint.

Although the Court should exercise leniency with respect to mere formalities with a *pro se* party, it may not take a similarly liberal view with jurisdictional requirements. See Nasharr v. United States, 105 Fed. Cl. 114, 117 (2012); accord Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). The Tucker Act, 28 U.S.C. § 1491, limits the Court's jurisdiction to civil suits against the United States for money damages not sounding in tort. However, Mr. Olivo alleges wrongdoing by the state of New York. He does not include the United States as a defendant and the Court finds no set of facts in the filed pleadings that demonstrates a claim against the United States, or that falls within this Court's Tucker Act jurisdiction.

Thus, the Court finds that any further expenditure of governmental resources in preparing a defense to Mr. Olivo's claims would be a waste of public funds.

Accordingly, for the foregoing reasons, Mr. Olivo's complaint is dismissed for lack of subject matter jurisdiction. The Clerk is directed to dismiss Mr. Olivo's complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge